UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

AGAINST THE GRAIN HOLDINGS LLC,

        Debtor.

Case No. 24-10151-CLB

Chapter 11
(Jointly Administered)

In re:

HATCHETS AND HOPS LLC,

        Debtor.

Case No. 24-10152-CLB

Chapter 11

In re:

HATCHETS AND HOPS BLACK ROCK LLC,

        Debtor.

Case No. 24-10153-CLB

Chapter 11

In re:

HATCHETS AND HOPS BROOKLYN LLC,

        Debtor.

Case No. 24-10154-CLB

Chapter 11

In re:

ANDREW R. PIECHOWICZ,

        Debtor.

Case No. 24-10155-CLB

Chapter 11

# LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE APPLICATIONS TO RETAIN AND EMPLOY HODGSON RUSS LLP AS DEBTORS' COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

TO: HONORABLE CARL L. BUCKI,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2, by Joseph W. Allen, the Assistant United States Trustee (the "United States Trustee"), respectfully submits his objection to the *Application for an Order Pursuant To 11 U.S.C. §§ 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 Authorizing the Retention and Employment of Hodgson Russ LLP, as Counsel to the Debtor Nunc Pro Tunc to the Petition Date* filed by Hodgson Russ LLP ("Hodgson Russ"), proposed counsel for the jointly administered Chapter 11 debtors captioned above, on February 16, 2024 [Case No. 24-10151-CLB, ECF Doc. No. 7], [Case No. 24-10152-CLB, ECF Doc. No. 7], [Case No. 24-10153-CLB, ECF Doc. No. 7], [Case No. 24-10154-CLB, ECF Doc. No. 7] and [Case No. 24-10155-CLB, ECF Doc. No. 8] (the "Applications"). The hearing on Hodgson Russ' Applications is scheduled for March 7, 2024 at 2:00 p.m.

In support of his limited objection, the United States Trustee respectfully states as follows:

1. The Application does not set forth sufficient detail as to the retainers paid to Hodgson Russ by or on behalf of the Debtors. Disclosure of this information is customary in employment applications and required by 11 U.S.C. § 329(a) and Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b). The Debtors have filed the required Form 2030; however, given that Hodgson Russ proposes to represent all of these five related Debtors, more information is needed and should be supplied via a supplemental declaration.

2. In particular, debtor Hatchets and Hops LLC (24-10152) paid the retainers to Hodgson Russ for Debtors Andrew Piechowicz (24-10155), Hatchets and Hops Black Rock LLC (24-10153), Hatchets and Hops Brooklyn LLC (24-10154), and Against the Grain Holdings LLC (24-10151). Is Hatchet and Hops LLC a creditor of those Debtors as a result or were those

payments merely gifts?  Should these be scheduled on Hatchets and Hops LLC's Statement of Financial Affairs in response to question 8?

3. Further, for its Form 2030, Hatchets and Hops LLC (24-10151) discloses that it paid a $12,500 retainer to Hodgson Russ, $7,500 of which came from a non-debtor entity "Axe Wagon LLC".  A supplemental disclosure should state the relationship of Axe Wagon LLC to the Debtors.  In addition, as is customary, a representative of Axe Wagon, LLC should provide an affidavit in which it is acknowledged that despite the fact that Axe Holding LLC had paid part of Hodgson Russ' retainer, Axe Holding LLC understands that Hodgson Russ owes no duty to Axe Holding LLC and that its duty is solely to the Debtors and not to Axe Holding LLC.

4. In his answer to question 7 of the Statement of Financial Affairs, debtor Andrew R. Piechowicz (24-10155) disclosed that he paid $25,000 (apparently via two payments) to affiliated debtor and insider Against the Grain Holdings LLC (24-10151) within 1 year of this bankruptcy.  Hodgson Russ should address now what, if anything, it expects its client debtor Andrew R. Piechowicz will do to consider avoiding and recovering these transfers.  For example, will special counsel be needed?

5. Any order approving Hodgson Russ' retention by the Debtors should provide that where possible Hodgson Russ will allocate its time among the Debtors to reflect which of the Debtors its work was for.

6. Any order approving Hodgson Russ' retention by the Debtors should provide that the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for this Court, and any orders of this Court govern over any contrary provision set forth in the engagement letter of Hodgson Russ [Case No. 24-10151-CLB, ECF Doc. No. 7-2].

7. Finally, the Court should refrain from entering a final order approving Hodgson Russ' retention until after the first meeting of creditors is held in this case on March 21, 2024. The United States Trustee does not object to the entry of an interim order approving the Debtors' retention of Hodgson Russ subject to the items set forth above being satisfactorily addressed.

WHEREFORE, the United States Trustee requests that the Court condition entry of any orders approving Hodgson Russ' Applications for the reasons set forth above and grant such other and further relief as the Court may deem appropriate.

Dated: March 6, 2024
      Buffalo, New York

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:   /s/ Joseph W. Allen
      Joseph W. Allen, Esq.
      Assistant United States Trustee
      Jill M. Zubler, Esq.
      Trial Attorney
      Office of the United States Trustee
      300 Pearl Street Suite 401
      Buffalo, New York 14202
      Telephone: (716) 551-5541